UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIA L. MAXWELL,

    Plaintiff,

                        CASE NO. 2:14-CV-10355
                        JUDGE MATTHEW F. LEITMAN
                        MAGISTRATE JUDGE PAUL J. KOMIVES

  v.

RESIDENTIAL CREDIT
SOLUTIONS, INC.,

    Defendant.

_____/

**REPORT AND RECOMMENDATION REGARDING DEFENDANT RCS'S MARCH 21, 2014 MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1) (Doc. Ent. 8)**

**I.   RECOMMENDATION:** The Court should deny defendant RCS's March 21, 2014 motion (Doc. Ent. 8) to dismiss plaintiff's January 24, 2014 complaint (Doc. Ent. 1) pursuant to Fed. R. Civ. P. 12(b)(1). RCS's March 21, 2014 motion argues that the Court should *abstain* from exercising jurisdiction in the instant case (*see* Doc. Ent. 8 at 5); however, Case No. 2014-000114-CH (Macomb County Circuit Court) appears to have concluded on or about April 22, 2014. If that is so, disposition of the instant lawsuit on the basis that plaintiff's claims are the same as those asserted in her state court case should be governed by *preclusion* law. *See Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 293 (2005).

**II.   REPORT:**

**A.   Background**

*1.   The 2006 mortgage and the 2012 assignment of the mortgage*

On October 2, 2006, borrower Kia Maxwell granted Mortgage Electronic Registration

Systems, Inc. (MERS) a mortgage on the property commonly known as 2810 Belcher Drive, Sterling Heights, Michigan 48310. On the same day, Maxwell signed a promissory note to lender The Prime Financial Group, Inc. in the amount of $188,000.00. Doc. Ent. 1 at 11-23.

On July 24, 2012, the mortgage was assigned from FDIC, as receiver for Amtrust Bank FKA Ohio Savings Bank, to Residential Credit Solutions, Inc. (RCS). Doc. Ent. 1 at 24-26.

### 2.     *Case No. 2012-003801-CH (Macomb County Circuit Court)*

On August 17, 2012, Maxwell filed a lawsuit, seemingly against Saxon Mortgage Services, Inc. and RCS. Defendant The Prime Financial Group, Inc. was added by way of the September 4, 2012 amended complaint.

On October 29, 2012, defendant Saxon was dismissed with prejudice. On December 21, 2012, defendant RCS was dismissed with prejudice.

Defendant Valentino Trabucchi was added by way of the March 21, 2013 amended complaint. However, on May 13, 2013, a stipulated order of dismissal with prejudice as to defendant Trabucchi was signed.

On June 21, 2013, Judge Servitto signed an order which, in part, dismissed the case without prejudice as to The Prime Financial Group, Inc. This order closed the case. *See* Case No. 2012-003801-CH (Macomb County Circuit Court).

On July 12, 2013, Maxwell appealed Judge Servitto's June 21, 2013 order. Case No. 317164 (Mich. App.).[1] On February 7, 2014, the Court of Appeals of the State of Michigan

---

[1] By a letter dated December 18, 2013, RCS informed Maxwell that the foreclosure sale scheduled for December 20, 2013 had been postponed, continued or otherwise changed to December 27, 2013. Doc. Ent. 1 at 27-28. By a letter dated January 10, 2014, RCS notified Maxwell of her single point of contact (Rachel McDowell) and, among other things, encouraged Maxwell to contact RCS "to discuss [her] situation, and which loss mitigation option might be available to assist in resolving the delinquency." Doc. Ent. 1 at 29-31.

dismissed the appeal for want of prosecution, because Maxwell had failed to timely file an appeal brief.  Case No. 317164 (Mich. App.).

3.      *Case No. 2014-000114-CH (Macomb County Circuit Court)*

In the meantime, on January 14, 2014, Maxwell filed a lawsuit against RCS and Darlene Savage, identified as an employee of Prime Financial, in Macomb County Circuit Court.  That same day, Judge Richard L. Caretti entered an order to show cause.

On January 17, 2014, plaintiff's motion for preliminary injunction was denied.  On January 28, 2014, the case was reassigned from Judge Caretti to Judge Edward Servitto due to prior action Case No. 2012-003801-CH (Macomb County Circuit Court).

An order dismissing RCS with prejudice was signed on April 14, 2014.  On April 22, 2014, an order of dismissal for non-service as to Darlene Savage was entered, which closed the case.  *See* Case No. 2014-000114-CH (Macomb County Circuit Court), Doc. Ent. 1 at 33, Doc. Ent. 8-2, Doc. Ent. 8-3.

**B.      Plaintiff's January 24, 2014 Complaint (E.D. Mich.)**

Maxwell filed the instant lawsuit against RCS on January 24, 2014.  Doc. Ent. 1 at 1-10.  The allegations underlying Maxwell's complaint stem from the 2006 refinance of her home and continue through the scheduling of a January 24, 2014 foreclosure sale.  Doc. Ent. 1 ¶¶ 11-26.  The causes of action include (I) Fair Debt Collection Practices Act (FDCPA); (II) violation of Mich. Comp. Laws § 600.3204(4)(a); (III) violation of Mich. Comp. Laws § 600.3220; (IV) violation of Mich. Comp. Laws § 600.320(1)(a); and (V) fraudulent concealment.  Doc. Ent. 1 ¶¶ 27-53.

On February 18, 2014, Judge Friedman entered an order (Doc. Ent. 3) granting

Maxwell's application to proceed in forma pauperis (Doc. Ent. 2).

**C. RCS's March 21, 2014 Motion to Dismiss**

On February 25, 2014, Judge Friedman referred this case to me for pretrial matters. Doc. Ent. 5. On May 20, 2014, the case was reassigned from Judge Friedman to Judge Leitman. Doc. Ent. 11. Currently before the Court is defendant RCS's March 21, 2014 motion (Doc. Ent. 8) to dismiss plaintiff's complaint (Doc. Ent. 1) pursuant to Fed. R. Civ. P. 12(b)(1).

Pursuant to the Court's April 25, 2014 order, plaintiff was to file a response on or before May 30, 2014. Doc. Ent. 10. To date, no response has been filed.[2]

**D. Discussion**

**1. Plaintiff's state court complaint against RCS and Savage and plaintiff's federal court complaint against RCS contain the same causes of action, except that the instant lawsuit contains a cause of action based upon the FDCPA.** In Michigan, foreclosure of mortgages by advertisement is governed by Mich. Comp. Laws §§ 600.3201-600.3285. In this regard, I note that plaintiff's state and federal court complaints mention Mich. Comp. Laws § 600.3204 ("Foreclosure by advertisement; circumstances; installments as separate and independent mortgage; redemption; chain of title") and Mich. Comp. Laws § 600.3220 ("Sale; adjournment, posting, publication").

Specifically, plaintiff's January 14, 2014 complaint against RCS and Darlene Savage in Case No. 2014-000114 (Macomb County Circuit Court) claimed (I) violation of Mich. Comp. Laws § 600.3204(4)(a); (II) violation of Mich. Comp. Laws § 600.3220; (III) silent fraud; and

---

[2]In fact, the only matters plaintiff has filed to date are her January 24, 2014 complaint (Doc. Ent. 1), her same-day Application to Proceed Without Prepaying Fees or Costs (Doc. Ent. 2) and her June 4, 2014 motion to extend time to perfect service of process (Doc. Ent. 12).

4

(IV) violation of Mich. Comp. Laws § 600.3204(1)(a). Doc. Ent. 8-2 at 2-10 ¶¶ 23-41.

By comparison, the causes of action underlying plaintiff's January 24, 2014 complaint against RCS in the instant case are (I) Fair Debt Collection Practices Act (FDCPA), codified at 15 U.S.C. §§ 1692-1692p; (II) violation of Mich. Comp. Laws § 600.3204(4)(a); (III) violation of Mich. Comp. Laws § 600.3220; (IV) violation of Mich. Comp. Laws § 600.3204(1)(a); and (V) fraudulent concealment. Doc. Ent. 1 at 1-10 ¶¶ 27-53.[3]

**2.    Referencing the state court complaint, RCS argues that this Court should abstain from exercising jurisdiction over the instant case.** As an initial matter, RCS contends that "Plaintiff has yet to serve Defendant with the summons and complaint for this action[,]" explaining that it learned of this lawsuit "through a courtesy copy being provided by Plaintiff to its attorney handling the foreclosure-by-advertisement." Doc. Ent. 8 at 9, Doc. Ent. 8 at 9 n.1; *see also* Doc. Ent. 8 at 13.

RCS's sole argument is that "the Court should abstain from exercising jurisdiction over plaintiff's claims as they are the same as those alleged in a prior *pending* state circuit court action." Doc. Ent. 8 at 4, 11-14 (emphasis added). Within its argument, RCS registers its suspicion that plaintiff is forum shopping, noting the similarity of the state court and federal court complaints and that the instant case was filed on January 24, 2014 - a date after the state court judge signed the January 17, 2014 order denying plaintiff's motion for preliminary injunction in Case No. 2014-000114-CH (Macomb County Circuit Court). *See* Doc. Ent. 8 at

---

[3]Silent fraud and fraudulent concealment are synonymous. *See Lucas v. Awaad*, 299 Mich.App. 345, 363-364, 830 N.W.2d 141, 152 (Mich.App. 2013) ("To prove silent fraud, also known as fraudulent concealment, the plaintiff must show that the defendant suppressed the truth with the intent to defraud the plaintiff and that the defendant had a legal or equitable duty of disclosure.") (citing *Roberts v. Saffell*, 280 Mich.App. 397, 403–404, 760 N.W.2d 715 (2008)).

13-14.

**3.     RCS claims that the *Colorado River* doctrine of abstention applies here.**  In *Colorado River Water Conservation District, et al. v. United States*, 424 U.S. 800 (1976), the United States Supreme Court described three general categories of abstention:

> Abstention is appropriate in cases presenting a federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law. . . .
>
> Abstention is also appropriate where there have been presented difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar. . . .
>
> Finally, abstention is appropriate where, absent bad faith, harassment, or a patently invalid state statute, federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings; state nuisance proceedings antecedent to a criminal prosecution, which are directed at obtaining the closure of places exhibiting obscene films; or collection of state taxes.

*See Colorado River*, 424 U.S. at 814-817 (quotations, citations and footnote omitted).

Moreover, the United States Supreme Court noted that "there are principles unrelated to considerations of proper constitutional adjudication and regard for federal-state relations which govern in situations involving the contemporaneous exercise of concurrent jurisdictions, either by federal courts or by state and federal courts." *Colorado River*, 424 U.S. at 817.  However, the Supreme Court explained, "the circumstances permitting the dismissal of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration are considerably more limited than the circumstances appropriate for abstention." *Id*. at 818.  For example, the Court stated that "the court first assuming jurisdiction over property may exercise that jurisdiction to the exclusion of other courts." *Id*. at 818 (citing cases).  Furthermore, "[i]n assessing the appropriateness of dismissal in the event of an exercise of concurrent jurisdiction, a

federal court may also consider such factors as the inconvenience of the federal forum; the desirability of avoiding piecemeal litigation; and the order in which jurisdiction was obtained by the concurrent forums[.]" *Id.* at 818 (internal citations omitted).

RCS claims that the *Colorado River* doctrine applies here. Doc. Ent. 8 at 11-14. Specifically, RCS invokes the portion of *Colorado River* which addresses "wise judicial administration." *See* Doc. Ent. 8 at 11; *Colorado River*, 424 U.S. at 817-818. In so doing, RCS addresses the four (4) aforementioned factors. *See* Doc. Ent. 8 at 12-14; *see also Colorado River*, 424 U.S. at 818.

**4.     However, the Court should not apply the *Colorado River* doctrine of abstention to the instant lawsuit, because Case No. 2014-000114 (Macomb County Circuit Court) is no longer pending.** "Comity or abstention doctrines may, in various circumstances, permit or require the federal court to stay or dismiss the federal action in favor of the state-court litigation." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 292 (2005) (referencing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976); *Younger v. Harris*, 401 U.S. 37 (1971); *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943); *Railroad Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496 (1941)).

However, neither *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) nor *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) "supports the notion that properly invoked concurrent jurisdiction vanishes if a state court reaches judgment on the same or related question while the case remains *sub judice* in a federal court." *Exxon Mobil Corp.*, 544 U.S. at 292. As the Supreme Court instructed, "[d]isposition of the federal action, once the state-court adjudication is complete, would be governed by preclusion law." *Id.* at 293.

While Case No. 2014-000114 (Macomb County Circuit Court) was pending at the time defendant RCS filed its March 21, 2014 motion in the instant case, the two (2) defendants in the Macomb County case have since been dismissed: defendant RCS was dismissed with prejudice on April 14, 2014, and defendant Savage was dismissed on April 22, 2014 for non-service. It appearing that Case No. 2014-000114 (Macomb County Circuit Court) was closed by the entry of the April 22, 2014 order of dismissal, defendant RCS's motion to dismiss the instant case based upon abstention should be denied.[4]

**5.    The Court should deny without prejudice RCS's request for an award of attorney fees and costs.**  *See* Doc. Ent. 8 at 2, 15. Specifically, the Court should deny this request without prejudice to renewal if a final judgment is entered, in which case RCS may apply for costs in accordance with E.D. Mich. LR 54.1 ("Taxation of Costs") and Fed. R. Civ. P. 54(d)(1) ("Costs Other Than Attorney's Fees.") and for attorney fees in accordance with Fed. R. Civ. P. 54(d)(2) ("Attorney's Fees.").

### III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but

---

[4]RCS alludes to such a conclusion when it states: "many of the same facts upon which [plaintiff's FDCPA claim] is based could and would be litigated in the State Circuit Court action, and therefore possibly be subject to collateral estoppel should the State Court action be adjudicated prior to this action." Doc. Ent. 8 at 13.

fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231, American Federation of Teachers, AFL-CIO*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: December 16, 2014
s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on December 16, 2014, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager for the
Honorable Paul J. Komives

9