UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

KIA L. MAXWELL,

    Plaintiff,                        Civil Action No. 14-10355
                                          Honorable Matthew F. Leitman
v.                                       Magistrate Judge Elizabeth A. Stafford

RESIDENTIAL CREDIT
SOLUTIONS, INC.,

    Defendant.
_____/

**REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S
MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT [R. 17]**

**I.    INTRODUCTION**

*Pro se* plaintiff Kia L. Maxwell brought this action against Residential Credit Solutions, Inc. ("RCS") challenging the validity of foreclosure proceedings and the impending foreclosure sale of her residential property located at 2810 Belcher Drive, Sterling Heights, Michigan (the "Property"). [R. 1]. The Honorable Matthew F. Leitman referred the case to the undersigned to resolve all pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). Before the Court is RCS's motion to dismiss and/or for summary judgment. [R. 17]. The Court **RECOMMENDS** that RCS's motion be **GRANTED** and that this action be **DISMISSED WITH PREJUDICE**.

## II.   BACKGROUND

On October 2, 2006, Maxwell obtained a home refinance loan from non-party Prime Financial Group, Inc. in the amount of $188,000 (the "Loan").  To secure the Loan, Maxwell granted Mortgage Electronic Registration Systems, Inc. – nominee for Prime Financial Group and its successors – a mortgage on the Property (the "Mortgage").

In January 2012, non-party Saxon Mortgage Services sent Maxwell a foreclosure notice.  According to Maxwell, "[o]n or around May 7, 2012, in the midst of negotiations for a loan modification with Saxon Bank, [she] was contacted by RCS falsely claiming they were now servicing [her] loan…." [R. 1, PgID 3].  The Mortgage was assigned to RCS on July 24, 2012.  [*Id.*, PgID 25].  On July 27, 2012, RCS published a notice of an August 27, 2012 foreclosure sale in the Macomb Daily Newspaper.  However, Maxwell filed suit in state court on August 17 and the foreclosure sale was postponed.

What occurred from August 2012 to December 2013 is unclear.  However, in December 2013 RCS sent Maxwell a letter indicating that it was postponing a December 20, 2013 foreclosure sale one week, until December 27, 2013.  In response to the letter, Maxwell contacted RCS on December 23, 2013 to inquire about a possible negotiation, but an RCS representative allegedly told her "that the foreclosure sale would not be

2

cancelled unless a payment of $77,000 could be made." [R. 1, PgID 4]. According to Maxwell, she disputed this amount, but "RCS refused to verify the charges incurred in calculating this amount." [*Id.*]. The foreclosure sale was further postponed until January 24, 2014.

On January 14, 2014, Maxwell filed a complaint in Macomb County Circuit Court against RCS and Darlene Savage, an employee of Prime Financial Group, alleging four causes of action: (1) violation of Mich. Comp. Laws ("M.C.L.") § 600.3204(4)(a); (2) violation of M.C.L. § 600.3220; (3) violation of M.C.L. § 600.3204(1)(a); and (4) silent fraud. [R. 17-2, PgID 182-88]. That same day, Maxwell moved the state court for a preliminary injunction enjoining RCS's foreclosure proceedings. [*Id.*, PgID 189-92]. The state court denied Maxwell's motion for preliminary injunction on January 17, 2014, noting that "the foreclosure proceedings are in order." [R. 17-3, PgID 201].

On January 21, 2014, Maxwell received another letter from RCS informing her of "loss mitigation option[s] [which] might be available to assist in resolving the delinquency." [R. 1, PgID 30]. In response to the letter, Maxwell called Rachel, her RCS contact person. According to the complaint, Rachel told Maxwell that the letter was "sent as a formality and it was too late for negotiations." [*Id.*, PgID 4]. Maxwell further alleges that

3

Rachel threatened her with the January 24, 2014 foreclosure sale if she could not pay a lump sum of $77,000 with added fees, an amount which RCS allegedly refused to validate. [*Id.*].

On January 24, 2014, Maxwell filed this action alleging that RCS violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"); violated the same three Michigan foreclosure statutes listed in the state court complaint, M.C.L. §§ 600.3204(4)(a), 600.3220, and 600.3204(1)(a); and committed fraudulent concealment. At that time, her state action was still pending. However, on April 14, 2014, the state court entered a summary disposition ruling in favor of RCS on all four of Maxwell's counts in the state court complaint and dismissed the complaint against RCS "with prejudice." [R. 17-5, PgID 240].

On February 3, 2015, RCS filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and/or for summary judgment pursuant to Fed. R. Civ. P. 56. [R. 17]. The motion is fully briefed.

### III. STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests a complaint's legal sufficiency. Although the federal rules only require that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief," *see* Rule 8(a)(2), the

4

statement of the claim must be plausible. Indeed, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal* Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556. Put another way, the complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555-56).

Assessment of the facial sufficiency of the complaint ordinarily must be undertaken without resort to matters outside the pleadings. *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010). However, "documents attached to the pleadings become part of the pleadings and

5

may be considered on a motion to dismiss." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)). A court may also consider "public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). Further, where the plaintiff does not refer directly to given documents in the pleadings, if those documents govern the plaintiff's rights and are necessarily incorporated by reference, then the motion need not be converted to one for summary judgment. *Weiner v. Klais & Co., Inc.,* 108 F.3d 86, 89 (6th Cir. 1997) (holding that plan documents could be incorporated without converting the motion to dismiss to one for summary judgment even though the complaint referred only to the "plan" and not the accompanying documents).

IV.    ANALYSIS

    A.    The Doctrine of *Res Judicata* Bars Maxwell's Complaint

Under the Full Faith and Credit Act, 28 U.S.C. § 1738, federal courts must "give the same preclusive effect to a state court judgment as that judgment receives in the rendering state." *Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816-17 (6th Cir. 2010). The doctrine of *res judicata*

6

"bars a second, subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Adair v. State*, 470 Mich. 105, 121 (2004) (citation omitted).

Here, the prior action and this action involve the same parties and, contrary to Maxwell's argument, it is clear that the state court's summary disposition ruling constituted a decision on the merits. [R. 17-5, PgID 240]. Pursuant to Michigan Court Rule 2.504(b)(3), which governs involuntary dismissals, "Unless the court otherwise specifies in its order for dismissal, a dismissal under this subrule or a dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for failure to join a party under MCR 2.205, operates as an adjudication on the merits." *See also Rayfield v. American Reliable Ins. Co.*, No. 13-12709, 2014 WL 6455594, at *7 (Nov. 17, 2014) (Cox, J.) ("Under Michigan law, summary disposition is a final decision on the merits." (citations omitted)); *The Mable Cleary Trust v. The Edward-Marlah Muzyl Trust*, 262 Mich. App. 485, 510 (2004), *overruled on other grounds by Titan Ins. Co. v. Hyten*, 491 Mich. 547, 555 n. 4 (2012), ("a summary disposition ruling is the procedural equivalent of a trial on the merits that bars relitigation on principles of res judicata" (citation omitted)). Thus, the only issue that remains is which claims in this action

were resolved in the state action, or could have been.

In deciding whether the matter in the second case was or could have been resolved in the first, Michigan courts construe *res judicata* broadly to bar "every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Adair*, 470 Mich. at 123 (citation omitted). "Whether a factual grouping constitutes a transaction for purposes of *res judicata* is to be determined pragmatically, by considering whether the facts are related *in time, space, origin or motivation*, [and] whether they form a convenient trial unit...." *Id.* at 125 (citation omitted).

A simple comparison of the state court complaint to the complaint in this case shows that Counts Two through Five in this action were all brought and decided in the prior action. Respectively, Counts Two[1], Three[2], and Four[3] in this suit contain almost identical allegations as Counts One[4], Two[5], and Four[6] of Maxwell's complaint in the prior action. Further, Maxwell's current fraudulent concealment claim (i.e., Count Five[7]) alleges

---

[1] "Violation of MCL §600.3204(4)(a)" [R. 1, PgID 6].
[2] "Violation of MCL §600.3220" [R. 1, PgID 6].
[3] "Violation of MCL §600.320[4](1)(a)" [R. 1, PgID 7].
[4] "Violation of MCL §600.3204(4)(a)" [R. 17-2, PgID 184-85].
[5] "Violation of MCL §600.3220" [R. 17-2, PgID 185].
[6] "Violation of MCL §600.3204(1)(a)" [R. 17-2, PgID 187].
[7] R. 1, PgID 7-8.

the same purported fraud as alleged in the silent fraud claim (i.e., Count Three[8]) in the state court action, and silent fraud and fraudulent concealment are synonymous. *Lucas v. Awaad*, 299 Mich. App. 345, 363-64 (2013) ("To prove silent fraud, also known as fraudulent concealment, the plaintiff must show that the defendant suppressed the truth with the intent to defraud the plaintiff and that the defendant had a legal or equitable duty of disclosure."). Maxwell brought this action ten days after filing suit in state court; in each action she alleged deficiencies in the origination of the Loan and the foreclosure process in an attempt to postpone or invalidate the foreclosure sale of the Property. The state court's summary disposition ruling on Maxwell's silent fraud claim and her claims alleging violation of M.C.L. §§ 600.3204(4)(a), 600.3220, and 600.3204(1)(a) was a final decision on the merits. Thus, the doctrine of *res judicata* bars Counts Two through Five in this suit.

*Res judicata* also bars Maxwell's FDCPA claim.[9] Maxwell alleges RCS violated the FDCPA by "failing to timely adjourn the original sale date," by sending her "correspondences with the false and deceptive

---

[8] R. 17-2, PgID 186-87.
[9] Although RCS does not argue that *res judicata* bars Maxwell's FDCPA claim, because Maxwell is proceeding *in forma pauperis* [R. 3], the Court has an affirmative duty to screen the complaint and dismiss any action that fails to state a claim. 28 U.S.C. § 1915(e)(2)(B).

implication that an alternative arrangement could be reached in lieu of foreclosure," and by "threatening to disposes[s] [her] of her property by non-judicial foreclosure via several telephone communications." [R. 1, PgID 5]. These allegations arise from the same foreclosure proceedings that were at issue in Maxwell's state court complaint. Had Maxwell been exercising reasonable diligence, she could have raised the FDCPA claim in the state court action. The fact that Maxwell filed this action only ten days after filing suit in state court further illustrates that she could have raised the FDCPA claim in the prior action.

Moreover, it is immaterial that part of Maxwell's FDCPA claim is based on a letter she received from RCS on January 21, 2014, seven days after filing the state court action. "[P]reclusion on res judicata grounds is not based on a snapshot of the plaintiff's knowledge at the time the complaint is filed. To support dismissal on res judicata grounds, the proponent must establish that the claims could have been 'resolved' in the initial action." *HTC Global Servs., Inc. v HG Detroit Consulting, LLC*, No. 316301, 2014 WL 3794478, at *6 (Mich. Ct. App. July 31, 2014) (quoting *Adair*, 470 Mich. at 121). The allegations in the complaint that relate to the letter arose during the foreclosure proceedings, thus the claim is one that arises from the same transaction as Maxwell's state court claims. Had

10

Maxwell been exercising reasonable diligence, she could have amended the complaint to add the new related facts. See id. ("A claim may be resolved in an action even if it is unknown at the time of filing the initial complaint. A plaintiff learning additional information during discovery may seek to amend its complaint and '[l]eave shall be freely given when justice so requires.'" (quoting M.C.R. 2.118(A)(2))).

The doctrine of res judicata bars Maxwell's FDCPA claim.

### B.  Amendment Would Be Futile

In her response to RCS's motion to dismiss, Maxwell alternatively seeks leave to obtain counsel and file an amended complaint in lieu of dismissal. [R. 22, PgID 256]. Her request for leave to amend the complaint is improper because it is combined with a responsive pleading, and because she failed to provide a proposed amended pleading. E.D. Mich. Electronic Filing Policies and Procedures R5(e); E.D. Mich. Local Rule 15.1. Further, Maxwell fails to provide any facts showing that an amended complaint would contain a plausible claim for relief, and any alleged amendments that arose out of the same foreclosure proceedings that were the subject of her state complaint would be futile. Thus, leave to amend is not warranted. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) ("A proposed amendment is futile if the

amendment could not withstand a Rule 12(b)(6) motion to dismiss.");

*Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995) (a court should deny a motion to amend if the amendment would be futile).

## V. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that RCS's motion to dismiss [R. 17] be **GRANTED** and that action be **DISMISSED WITH PREJUDICE**.

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: August 7, 2015

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991);

*Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 7, 2015.

                                                 s/Marlena Williams  
                                                 MARLENA WILLIAMS  
                                                 Case Manager