UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIA L. MAXWELL,

    Plaintiff,                                   Case No. 14-cv-10355
                                                        Hon. Matthew F. Leitman

v.

RESIDENTIAL CREDIT
SOLUTIONS, INC.,

    Defendant.

_____/

**<u>ORDER (1) ADOPTING REPORT AND RECOMMENDATION (ECF #25); (2) OVERRULING PLAINTIFF'S OBJECTIONS (ECF #28); (3) GRANTING DEFENDANT'S MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT (ECF #17); AND (4) DISMISSING ACTION WITH PREJUDICE</u>**

**<u>INTRODUCTION AND PROCEDURAL HISTORY</u>**

Plaintiff Kia L. Maxwell ("Maxwell") filed two separate actions against Defendant Residential Credit Solutions, Inc. ("RCS"), one in state court and one in this Court. Maxwell first filed suit against RCS in the Macomb County Circuit Court on January 14, 2014 (the "State Court Action"). In the State Court Action, Maxwell challenged the impending foreclosure sale of her home and asserted four causes of action: (1) violation of Mich. Comp. Laws ("M.C.L.") § 600.3204(4)(a); (2) violation of M.C.L. § 600.3220; (3) violation of M.C.L. § 600.3204(1)(a); and (4) silent fraud. (*See* ECF #17-2 at 6-10, Pg. ID 184-88.) Maxwell also moved the

1

state court to issue a preliminary injunction enjoining RCS's foreclosure proceedings, which the state court denied on January 17, 2014. (*Id.* at 11-14, Pg. ID 189-92; ECF #17-3 at 2-3, Pg. ID 201-02.)

Ten days after Maxwell filed the State Court Action, on January 24, 2014, Maxwell filed a second suit against RCS in this Court (the "Federal Court Action"). The factual allegations and claims asserted against RCS in the Federal Court Action are substantially similar to those in the State Court Action. In the Federal Court Action, Maxwell alleges that RCS (1) violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA"); (2) violated the same foreclosure statutes listed in the State Court Action (MCL §§ 600.3204(4)(a), 600.3220, and 600.3204(1)(a)); and (3) committed fraudulent concealment. On April 14, 2014 – while the Federal Court Action was pending in this Court – the state court dismissed Maxwell's State Court Action in its entirety "with prejudice." (ECF #17-5 at 2, Pg. ID 240.)

On February 3, 2015, RCS filed a motion in the Federal Court Action to dismiss Maxwell's claims and/or for summary judgment (the "Motion"). (*See* ECF #17, Pg. ID 149.) In her response opposing the Motion, Maxwell sought leave to obtain counsel and moved to file an amended complaint. (*See* ECF #22 at 2, Pg. ID 256.) On August 7, 2015, the assigned Magistrate Judge issued a Report and Recommendation (the "R&R") in which she recommended that the Court grant the

Motion, deny Maxwell's request for counsel and to file an amended complaint, and dismiss Maxwell's claims with prejudice. (*See* ECF #25 at 1, Pg. ID 305.) Maxwell filed objections to the R&R on September 3, 2015. (*See* ECF #28, Pg. ID 323.)

For the reasons explained below, the Court (1) **OVERRULES** Maxwell's objections to the R&R, (2) **ADOPTS** the R&R as the Opinion of the Court, (3) **GRANTS** the Motion, and (4) **DISMISSES** this action with prejudice.

## GOVERNING LEGAL STANDARD

### A. R&R Standard of Review

Where a party has objected to portions of a Magistrate Judge's Report and Recommendation, the Court conducts a *de novo* review of those portions. *See* Fed. R. Civ. P. 72(b)(3).

### B. Motion to Dismiss Standard of Review

Rule 12(b)(6) provides for dismissal of a complaint when a plaintiff fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the

defendant is liable for the alleged misconduct. *Id.* (citing *Twombly*, 550 U.S. at 556). When assessing the sufficiency of a plaintiff's claim, a district court must accept all of a complaint's factual allegations as true. *See Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001). "Mere conclusions," however, "are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664. A plaintiff must therefore provide "more than labels and conclusions," or "a formulaic recitation of the elements of a cause of action" to survive a motion to dismiss. *Twombly*, 550 U.S. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

C. **Summary Judgment Standard of Review**

A movant is entitled to summary judgment when it "shows that there is no genuine dispute as to any material fact...." *SEC v. Sierra Brokerage Services, Inc.*, 712 F.3d 321, 326–27 (6th Cir. 2013) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–52 (1986)) (quotations omitted). When reviewing the record, "the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *Id.* "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for [that party]." *Anderson,* 477 U.S. at 252. Summary judgment is not appropriate

4

when "the evidence presents a sufficient disagreement to require submission to a jury." *Id.* at 251-252. Indeed, "[c]redibility determinations, the weighing of the evidence, and the drafting of legitimate inferences from the facts are jury functions, not those of a judge…" *Id.* at 255.

## ANALYSIS

In the R&R, the Magistrate Judge concluded that as a result of the state court's dismissal of Maxwell's State Court Action, *res judicata* bars Maxwell from proceeding with the Federal Court Action here. Specifically, the Magistrate Judge concluded that (1) the State Court Action and the Federal Court Action involved the same parties, (2) the state's summary dismissal of the State Court Action constituted a decision on the merits, and (3) the fraudulent concealment and FDCPA claims in the Federal Court Action – which were not litigated in the State Court Action – arose from the same foreclosure proceedings at issue in the state court and therefore could have been resolved in that litigation. (*See* R&R at 6-9, Pg. ID 310-313.) The Magistrate Judge further concluded that Maxwell's requests to amend her complaint and for the Court to appoint counsel for her were improper because they were combined with Maxwell's responsive pleading and because Maxwell failed to provide a proposed amended pleading in accordance with the Court's Local Court Rules. (*See id.* at 11, Pg. ID 315.)

Maxwell raises two objections to the R&R. (*See* ECF #28 at 2-3, Pg. ID 324-25.) First, Maxwell argues that the Magistrate Judge misapplied *res judicata* to her FDCPA claim because RCS's debt collection efforts – which Maxwell challenges in the Federal Court action – and RCS's foreclosure proceedings – which were subject of the State Court Action – did not arise out of the same transaction. (*Id.*) But the section in Maxwell's federal complaint entitled "Allegations Common to All Claims" undermines her argument. (*See* ECF #1 at 2, Pg. ID 2.)  Maxwell relies on the factual allegations in that section to support *both* the claims that she asserted in the State Court Action *and* the FDCPA claim that she asserts here.  (*See id.* at 5-9, Pg. ID 5-9.)  Thus, the complaint's plain text shows that her claims arise out of the same transaction.  Moreover, Maxwell has not cited any case in which any court has declined to apply res judicata on circumstances like those presented here.  And at least one federal court has applied the doctrine to bar an FDCPA claim where, as here, the claim arose out of foreclosure proceedings that the plaintiff had previously challenged in state court. *See Byrd v. Homecomings Fin. Network*, 407 F. Supp. 2d 937, 945 (N.D. Ill. 2005) (applying res judicata to bar FDCPA claim that was "inextricably linked" to prior state court foreclosure proceedings).

Second, Maxwell objects that the Magistrate Judge improperly denied her request for leave to obtain counsel and file an amended complaint in lieu of

dismissal. (*See* ECF #28 at 3-4, Pg. ID 325-26.)  However, as the Magistrate Judge correctly pointed out, any alleged amendments arising out of the same foreclosure proceedings would be futile due to the applicability of *res judicata*. (*See* R&R at 11, Pg. ID 315.)  Maxwell also has not provided the Court with any additional facts that might establish a plausible claim for relief under any theory.  And although the Court certainly is sympathetic to the serious medical complications Maxwell experienced during this litigation, there is no reason to believe that Maxwell's amended complaint could survive a motion to dismiss or that allowing her to obtain counsel would change the result.  Thus, her request will be denied. *See Thiokol Corp. v. Mich. Dept. of Treasury*, 987 F.2d 376, 383 (6th Cir. 1993) (holding a court should deny a motion to amend if the amendment would be futile).

## CONCLUSION

For the reasons stated above, **IT IS HEREBY ORDERED** that Maxwell's objections to the R&R (ECF #28) are **OVERRULED**, the R&R (ECF #25) is **ADOPTED** as the Opinion of this Court, RCS's Motion is **GRANTED** (ECF #17), and this action is **DISMISSED WITH PREJUDICE**.

                                              s/Matthew F. Leitman
                                              MATTHEW F. LEITMAN
                                              UNITED STATES DISTRICT JUDGE

Dated:  September 15, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 15, 2015, by electronic means and/or ordinary mail.

                                                    s/Teresa McGovern
                                                    in the Absence of Holly A. Monda
                                                    Case Manager
                                                    (313) 234-5113